J-S18032-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SANTANDER BANK, N.A. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VIATCHESLAV BOIKO AND LUDMILA | : | |
| BOIKO | : | |
| | : | No. 1395 MDA 2019 |
| Appellants | : | |

Appeal from the Order Entered July 23, 2019
In the Court of Common Pleas of Centre County Civil Division at No(s):
18-4036

BEFORE:   KUNSELMAN, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:   **FILED: MAY 18, 2020**

Appellants/Defendants, Ludmila and Viatcheslav Boiko, appeal *pro se* from the order granting summary judgment in favor of Appellee/Plaintiff Santander Bank ("Santander") in this mortgage foreclosure action. Appellants' failure to state issues, make cogent legal arguments, and meet other briefing requirements in their appellate brief prevents us from providing meaningful review of their appeal.  Accordingly, we quash.

On October 9, 2018, Santander filed a Complaint against Appellants alleging that, on August 3, 2011, they signed with Santander a Home Equity Line of Credit Agreement and obtained a line of credit in the amount of $144,000.00.  Santander secured the loan with a Mortgage encumbering Appellants' principal residence located at 1174 Westerly Parkway, State

_____

[*] Former Justice specially assigned to the Superior Court.

College, Pennsylvania. Approximately five years later, starting on October 23, 2016, and for every month thereafter, Appellants failed to make the monthly payment due under the Agreement and Mortgage. By the terms of the Agreement and Mortgage, Appellants were, therefore, in default.

Santander Bank's Complaint further alleged that Act 91 Notices of Default and Intention to Foreclose Mortgage were sent to Appellants before the foreclosure action was filed, but Appellants failed to respond or cure the default. Copies of the Notices were attached as exhibits to the Complaint. At the time the Complaint was filed, the amount owed to the bank was $134,482.26, with interest accruing on the unpaid balance at the rate of $18.48 per day. Appellants filed an Answer that was unresponsive to the allegations set forth in the Complaint except to deny the averment that Ludmila Boiko was a co-mortgagor.

On February 24, 2019, Santander filed a Motion for Summary Judgment, to which Appellants again offered the response—without any supporting documentation—denying that Ludmila Boiko was a co-mortgagor, even though her signature appears on the Mortgage. Oral argument was held on July 19, 2019, where Appellants also alleged housing conditions they described as "unlivable" through no fault of their own, financial difficulties, refusal of assistance from public agencies, and the bank's unwillingness to grant Appellants' request to modify loan terms as reasons to deny the bank's motion. The court, however, viewing Appellants' issues as unfortunate but, ultimately, immaterial to the mortgage foreclosure action filed against them,

granted summary judgment in favor of Santander Bank. This timely appeal followed.

Our standard of review of an order granting summary judgment requires us to determine whether the trial court abused its discretion or committed an error of law. *Mee v. Safeco Ins. Co. of Am.*, 908 A.2d 344, 347 (Pa.Super. 2006).

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

*Miller v. Sacred Heart Hosp.*, 753 A.2d 829, 832 (Pa.Super. 2000) (internal citations omitted). Our scope of review is plenary. *Pappas v. Asbel*, 564 Pa. 407, 418, 768 A.2d 1089, 1095 (2001), *cert. denied*, 536 U.S. 938, 122 S.Ct. 2618, 153 L.Ed.2d 802 (2002). In reviewing a trial court's grant of summary judgment:

> [W]e apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party.
>
> Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of [a] cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports,

an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. In other words, whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense, which could be established by additional discovery or expert report and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Thus, a record that supports summary judgment either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense.

Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions.

***Chenot v. A.P. Green Services, Inc.***, 895 A.2d 55, 61 (Pa.Super. 2006) (internal citations and quotation marks omitted).

Initially, we note that Appellate briefs must conform materially to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal if the defect in the brief is substantial. ***Commonwealth v. Adams***, 882 A.2d 496, 497–98 (Pa.Super. 2005); Pa.R.A.P. 2101. Although this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit. Accordingly, *pro se* litigants must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. ***Commonwealth v. Lyons***, 833 A.2d 245, 251–52 (Pa.Super. 2003). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." ***Coulter v. Ramsden***, 94 A.3d 1080, 1088 (Pa.Super. 2014).

The Pennsylvania Rules of Appellate Procedure provide guidelines regarding the required content of an appellate brief as follows:

Rule 2111. Brief of the Appellant

(a) General Rule.—The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly entitled and in the following order:

(1) Statement of jurisdiction.

(2) Order or other determination in question.

(3) Statement of both the scope of review and the standard of review.

(4) Statement of the question involved.

(5) Statement of the case.

(6) Summary of argument.

(7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8) Argument for the appellant.

(9) A short conclusion stating the precise relief sought.

(10) The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.

(11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

Pa.R.A.P. 2111(a)(1)–(10) (emphasis added). Rules 2114 through 2119 detail the material to be included in briefs on appeal. *See* Pa.R.A.P. 2114–2119. Specifically, Rule 2119 addresses the argument section of appellate briefs and provides, in part, as follows:

Rule 2119. Argument

(a) General rule. The argument shall be divided into as many parts as there are questions to be argued; and shall have ... such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a).

It is well-established that "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." *Commonwealth v. Sanford*, 299 Pa.Super. 64, 445 A.2d 149, 150 (1982).

*Commonwealth v. Tchirkow*, 160 A.3d 798, 804–05 (Pa.Super. 2017). *See also In re Estate of Whitley*, 50 A.3d 203, 209-10 (Pa.Super. 2012) (explaining that the failure to cite relevant legal authority constitutes waiver of the claim on appeal).

Herein, Appellants' brief, which consists of 16 pages of running narrative without any identification of specific issues or argument,[1] runs afoul of

---

[1] Appellants' brief repeatedly alleges that the trial court, in granting summary judgment, "conspired" with the housing authority, the powerful banks, and their lawyers "to ruin Appellants financially." Central to this theme is a complaint that the trial court wrongly credited plaintiff bank's testimony and evidence while finding Appellants' testimony well-intentioned but largely irrelevant. Our review of the record, however, finds support for the court's weighing of the evidence, such that we find no abuse of discretion or error of law with the court's assessment.

Pa.R.A.P. 2111(a)'s directive that a brief shall include all requisite content enumerated under separate and distinct headings. More detrimental to Appellants' cause, however, is that their brief offers only bare assertions without a single cogent legal argument supported with citations to the record and controlling authority, in contravention of Pa.R.A.P. 2119(a). Because of the considerable defects in Appellant's brief, we are unable to perform meaningful appellate review. We, therefore, quash the present appeal.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/18/2020

---

Finally, to the limited extent Appellants' brief reflects their Pa.R.A.P. 1925(b) statement, we adopt the responsive and well-reasoned Pa.R.A.P. 1925(a) opinion of the Honorable Katherine V. Oliver, in which she comprehensively discusses each claim with proper consideration of the record and controlling law warranting the grant of summary judgment in the instant matter. (*See* Trial Court Opinion, filed September 27, 2019).

**IN THE COURT OF COMMON PLEAS OF CENTRE COUNTY, PENNSYLVANIA**
**CIVIL ACTION - LAW**

SANTANDER BANK, N.A.             :
       Plaintiff                :
               :
v.                               :   No. 2018-4036
               :
VIATCHESLAV BOIKO,               :
a/k/a VIATCHESLAV Y. BOIKO       :
   and                           :
LUDMILA BOIKO                    :
       Defendants               :

*Attorney for Plaintiff:*                           *Michael S. Bloom, Esq.*
*Attorney for Defendants:*                     *Pro se*

*Oliver, J.*

## 1925(a) Opinion

Defendants appeal this Court's Order granting summary judgment in favor of Plaintiff in this mortgage foreclosure action. By Order dated August 20, 2019, Defendants were directed to file a concise statement of matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Defendants filed a timely concise statement of matters complained of on appeal ("1925(b) Statement") on September 10, 2019, in which they assert nine separately numbered contentions of error. This Opinion is entered pursuant to Pennsylvania Rule of Appellate Procedure 1925(a).

Items (1) and (2) of Defendants' 1925(b) Statement involve Defendants' allegations that the documents accepted into the record by the prothonotary were illegible and should never have been accepted into the court record. Initially, the Court notes that the documents appended to Plaintiff's summary judgment motion as exhibits thereto were also attached to the Complaint as originally filed in this case. Defendants did not file timely preliminary objections to Plaintiff's complaint seeking to strike the complaint exhibits, nor did they claim in their Answer that the exhibits were illegible. The suggestion that a timely motion to "strike and quash the complaint" was filed is inaccurate and is not supported by the record. Furthermore, looking to the documents themselves, the Court did not find them to be illegible, as stated at the time of argument on Plaintiff's summary judgment motion. As to the suggestion in Defendants' 1925(b)

O □ RD □ S

Statement that a language barrier exists, the Court notes that a certified interpreter was secured by the Court for argument on Plaintiff's summary judgment motion. On review, the Court does not believe items (1) or (2) of Defendants' 1925(b) Statement raise any meritorious issue of error.

Items (3) and (4) of Defendants' 1925(b) Statement lodge complaints about the undersigned judge presiding, and suggest that the Court took direction from the opposing party and was biased in its rulings. Allegations of unethical conduct by opposing counsel are also raised. The Court did not observe any such conduct by counsel, and is not aware of any basis for these allegations. With respect to the presiding judge, Defendants did not make a motion to recuse, nor is there any reason for recusal of which this Court is aware. The undersigned sat as a neutral, impartial decision maker in this case, and did not favor either party. The fact that the undersigned was also the presiding judge in another case involving Defendants, apparently still pending in the appellate courts, would not have been a reason for recusal or disqualification even had the issue been raised by Defendants prior to the entry of summary judgment. The Court submits that Defendants' items (3) and (4) do not raise any meritorious issue of error.

Items (5) through (9), inclusive, are addressed more to the substantive nature of the Court's summary judgment ruling. (*See* Defs.' 1925(b) Statement, ¶¶ 5-9). Summary judgment is proper when "there is no genuine issue of any material fact as to a necessary element of a cause of action, or concerning any defense which could be established by additional discovery or expert report." *Cunningham v. Williams*, 714 A.2d 1054, 1057 (Pa. Super. 1998)(citing Pa.R.C.P. 1035.2(1)). In responding to a properly supported motion for summary judgment, the opposing party must do more than simply rely upon mere allegations and denials of the pleadings. Pa.R.C.P. 1035.3(a). The opposing party must identify issues of fact arising from record evidence that controvert the evidence cited in support of the motion, or point to evidence in the record establishing the facts essential to the cause of action or defense the motion cites as not having been produced. *See* Pa.R.C.P. 1035.3(a)(1)-(2). A party may not avoid summary judgment based on bald, conclusory accusations. *McCain v. Penn Bank*, 549 A2d 1311 (Pa. Super. 1998).

This case involves an *in rem* action in mortgage foreclosure. Under Pennsylvania law, summary judgment may properly be entered in a mortgage foreclosure action when the mortgagors admit the mortgage is in default, admit they have failed to pay interest, and admit the

2.

amount of the recorded mortgage. *Cunningham*, 714 A.2d at 1057; *Landau v. Western Pennsylvania Nat'l Bank*, 282 A.2d 335 (Pa. Super. 2015). The failure to properly deny factual allegations in a complaint will result in an admission of those allegations. *See* Pa.R.C.P. 1029(b); *First Wisconsin Trust Co. v. Strausser*, 653 A.2d 688, 691-92 (Pa. Super. 1995).

As Plaintiff points out in its summary judgment motion, Plaintiff attached the underlying loan agreement ("Agreement") and the mortgage ("Mortgage") as exhibits to its Complaint, and set forth allegations, *inter alia*, that the Mortgage encumbered property located at 1174 Westerly Parkway, State College, Pennsylvania, that Defendants are the mortgagors, that the monthly payments under the Agreement and Mortgage were not made when due as of October 23, 2016, that no payments had been made since that time, and that a default existed under the Agreement and the Mortgage. The Complaint further alleged that Act 91 Notices were sent to both Defendants before the action was commenced, and that the default was not cured. Copies of the Act 91 Notices were attached as exhibits to Plaintiff's Complaint along with mailing receipts. In addition, the Complaint set forth the amount owed as of the time the Complaint was filed. (*See* Compl., generally). In accordance with *Cunningham* and *Landau, supra*, these allegations are sufficient to state a *prima facie* claim in an *in rem* foreclosure action.

With one exception, Defendants failed to address the substance of *any* of the Complaint allegations summarized above in their Answer. (*See* Defs.' Answ., filed 11-26-18). As to the one exception, Defendants denied that Defendant Ludmila Boiko was a co-mortgagor, despite the fact that, on the face of it, her signature appears to be on the Mortgage. (*See id.* at ¶¶ 1-2). In responding to Plaintiff's summary judgment motion, Defendants continued with the bald denial that Ludmila Boiko was a co-mortgagor, without pointing to any record evidence to support that denial. Given that Ludmila Boiko's signature appears to be on the Mortgage, and that Defendants offered no more than a conclusory denial on this issue, the Court determined that Plaintiff satisfied its summary judgment burden of demonstrating the absence of any genuine issue of fact. With respect to the other allegations of the Complaint, the Court agreed that these were admitted by Defendants due to their failure to properly deny them in their Answer.

In their response to Plaintiff's Motion for Summary Judgment filed April 9, 2019, Defendants alleged various circumstances, including allegations regarding damage at the subject premises and "unlivable" conditions, alleged denials by Plaintiff of loan modification requests made by Defendants, and personal circumstances of Defendants, including a lack of resources

3

and lack of assistance from various agencies. These issues are also included in Defendants' 1925(b) Statement. (*See* Defs.' 1925(b) Statement, ¶¶ 5,7). Although these circumstances are unfortunate, Defendants did not demonstrate that any of these issues were material to resolution of the mortgage foreclosure action such as to preclude summary judgment against them. Defendants also allege a general unawareness of the Act 91 Notices sent to them by Plaintiff before the litigation was commenced. (*See* Defs.' Resp. MSJ, ¶ 3). As an initial point, as noted above, Plaintiff's Complaint alleged that Act 91 Notices were duly sent to Defendants, and the Act 91 Notices and mailing receipts were attached as complaint exhibits. Defendants failed to deny receipt of the Act 91 Notices in their Answer, thereby admitting this allegation pursuant to Pennsylvania Rule of Civil Procedure 1029(b). Furthermore, the Court concluded that Defendants' contention that they did "not recall getting [the] Act 91 Notice," (*see* Defs.' Answ. to MSJ, ¶ 3), failed to create an issue of material fact.

For the reasons discussed above, the Court granted summary judgment in Plaintiff's favor. The Court submits that this ruling was not in error.

BY THE COURT:

Date: 9-27-19

Katherine V. Oliver, Judge

4